expended. That was done in this case and the judgment must be affirmed.

*Affirmed.*

## Hayes Pump & Planter Company, Appellee, v. G. R. Lott and Harry M. Lott, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

### Statement of the Case.

Action by Hayes Pump and Planter Company against G. R. Lott and Harry M. Lott. The declaration consisted of the common counts with a sworn statement of the account sued on. To said declaration appellants filed a plea, and afterwards an amended special plea, therein pleading, in bar of the action, appellee's contract with appellants, averring that in and by said contract appellee sold to appellants the planter and supplies in question and assigned to appellants certain territory for the trade season; that said contract was entire; that appellee had breached the territorial provisions of the contract, and that therefore it could not recover for the planter sold and delivered to appellants. Appellee demurred to said plea craving oyer of said contract. The court sustained the demurrer and appellants excepted and elected to stand by said amended plea. Judgment on demurrer was entered in the sum of $518.32, to reverse which judgment this appeal is prosecuted.

WIGHT & ALEXANDER, for appellants.

RAYBURN & BUCK, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 323*—*when plea in bar of suit for price demurrable.* In an action for goods sold and delivered under a special contract, a special plea setting up in bar of the action a breach of a provision of the contract to assign to defendants certain territory, *held* wholly bad as being a plea in bar of the action and therefore demurrable.

2. SALES, § 59*—*when contract severable.* A contract containing an agreement by the buyer to pay for goods sold and delivered and an agreement by the seller to assign to the buyer certain territory for a trade season, *held* severable and not entire.

3. SALES, § 59*—*when covenant in contract is independent.* Where a contract contained an agreement by the buyer to pay for goods sold and delivered and also an agreement by the seller to assign to the buyer certain territory for a trade season, *held* that the agreement to pay for the goods was an independent agreement and that the territorial provisions were not conditions precedent to the agreement to pay for the goods.

4. SALES, § 331*—*amount of recovery.* In an action for goods sold and delivered, where the only plea filed was a special plea in bar of the action and such plea was bad and so *held* on demurrer, *held* that the plaintiff was entitled to a judgment for the amount sued for in the declaration.

---

George E. Lewis and R. M. Scanlan for use of George E. Lewis, Plaintiffs in Error, v. W. E. Rayburn, Defendant in Error.

(Not to be reported in full.)

Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914. Rehearing denied December 2, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.